UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00509-WLH-SP | Date | February 6, 2026 |
|---|---|---|---|
| Title | *Sagar Sagar v. Mark Bowen et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR SHOW CAUSE ORDER RE: PRELIMINARY INJUNCTION [3]**

The Court is in receipt of Petitioner's Motion for Temporary Restraining Order and Request for an Order to Show Cause Re: Preliminary Injunction (the "Motion"). (Motion, Dkt. No. 3). For the reasons explained herein, the Court **DENIES** the Motion without prejudice.

On February 4, 2026, Petitioner Sagar Sagar ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition", Dkt. No. 1) and this instant Motion. (Dkt. No. 3). Petitioner is a foreign national from India and contends, among other things, his sudden detention by Immigrations and Customs Enforcement ("ICE") is unlawful and punitive, in violation of his due process rights. (Motion at 4).

A TRO may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In determining whether to issue a TRO, courts apply the four Winter factors (the "*Winter* Factors"), which also guide the evaluation of a request for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (explaining that the analysis for a TRO and a preliminary injunction are "substantially identical"). If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. L.R. 65-1.

      Because the issuance of a TRO or preliminary injunction is an extraordinary remedy, a petitioner requesting such relief bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Petitioner fails to attach any affidavit or declaration in his Motion for the Court to review. While the Petitioner attaches Exhibit A, a purported whistleblower disclosure report to his Motion, it do not sufficiently support his allegations or conclusory statements. (*See* Motion, Exhibit A). The Court finds that Petitioner failed to present any evidence to prove his burden that a TRO or preliminary injunction is warranted. A movant carries the burden of persuasion and must make a clear showing of entitlement to the requested relief. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). "Unverified allegations in the pleadings and unsupported and conclusory statements are not enough to prevail on a motion for a TRO." *Gazazyan v. Bondi*, 2025 WL 3898484, at *3 (C.D. Cal. Nov. 7, 2025); *see also Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (reversing district court's order granting preliminary injunction where it relied on unsupported and conclusory statements); *Greenberg v. Guzman*, 2014 WL 12569551, at *2 (C.D. Cal. July 28, 2014) ("A motion for preliminary injunction must be supported by '[e]vidence that goes beyond the unverified allegations of the pleadings.'") (*quoting* 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2949 (2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

The Court must therefore **DENY** the Motion in its current form. Petitioners shall remain within the District until the amended Application is resolved or further order of Court.

**IT IS SO ORDERED.**